IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JEFFREY GRAY                                                                                                    PLAINTIFF

VS.                                                                           CAUSE NO. 2:24-cv-00154-HSO-BWR

CITY OF HATTIESBURG, MARVIN ROSS JR.,
AND HARRY CROCKETT                                                                                   DEFENDANTS

**DEFENDANTS' REBUTTAL IN SUPPORT OF MOTION TO DISMISS**

Defendants file this Rebuttal in Support of their Motion to Dismiss and state:

**I.   Plaintiff's claims against City of Hattiesburg officers in their official capacity fail to state a claim under *Monell*.**

1.   Defendants have moved to dismiss the official capacity claims and claims against the City of Hattiesburg because the Complaint fails to plead sufficient facts under *Monell* specifying how a constitutional violation occurred as a result of an official policy.  "The description of a policy or custom and its relationship to the underlying constitutional violation ... cannot be conclusory; it must contain specific facts." *Spiller v. City of Tex. City,* 130 F.3d 162, 167 (5th Cir. 1997); *see also Whitley v. Hanna,* 726 F.3d 631, 649 (5th Cir. 2013)(complaint must contain specific factual allegations about the municipal policy); *Ducksworth* v. *Rooke,* 2015 WL 737574 (S.D. Miss. 2015)(dismissing plaintiff's Section 1983 claim against City and individual defendants in their official capacities because plaintiff failed to allege any specific policy statement, ordinance, regulation, decision, or custom that was the "moving force" behind the alleged constitutional violations or a pattern or practice).

2.   The Fifth Circuit has recognized three ways a Plaintiff may establish the existence of a policy for the purpose of *Monell*: i) by showing a written policy; ii) by showing a widespread

municipal practice; or, iii) in rare circumstances, by showing a single decision of an official policymaker if that policymaker also performed the act that forms the basis of the § 1983 claim. *Webb v. Town of Saint Joseph*, 925 F.3d 209, 214 (5th Cir. 2019).

3. Plaintiff admits in paragraph 6 of his memorandum brief [7] that he has no evidence of a written policy, and he states that he "seriously doubts the City of Hattiesburg or its police department has any written policy which directs its employees to violate the rights of persons such as Gray."

4. While Plaintiff identifies areas of the Complaint where the word "policy" is used, he does not identify anywhere in the Complaint that states facts sufficient to show a pattern or practice or action by a policymaker. In fact, the subject Complaint contains no allegations regarding any other instance whereby a pattern or practice could be established.

5. In *Garcia v. Harris Cnty. Texas*, No. 4:23-CV-0542, 2024 WL 1291531, at *4 (S.D. Tex. Mar. 26, 2024) the court granted a motion to dismiss due to failure to state a claim of a pattern or practice:

> One prior incident, even if egregious, is not sufficient to establish a policy based on a pattern and practice. The pattern "must have occurred for so long or so frequently that the course of conduct warrants the attribution to the governing body of knowledge that the objectionable conduct is the expected, accepted practice of city employees." *Zavala*, 2023 WL 8058711, at *2; *Davidson v. City of Stafford, Texas*, 848 F.3d 384, 396 (5th Cir. 2017) (citation omitted).
> In addition, to satisfy *Monell*, a pattern and practice requires "similarity, specificity, and sufficiently numerous prior incidents." *Id.*; *see also Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 851 (5th Cir. 2009) (holding that twenty-seven complaints filed between 2002 and 2005 did not establish a pattern of excessive force). One factually similar instance of an assault by a guard upon an inmate fails to allege "a pattern and practice" sufficient to meet Plaintiff's burden to state a claim against Harris County based on an official policy that was the moving force behind the constitutional deprivation.

*Garcia v. Harris Cnty. Texas*, No. 4:23-CV-0542, 2024 WL 1291531, at *4 (S.D. Tex. Mar. 26, 2024). The same holds true in this case, as there are no facts pled regarding a pattern or practice.

Similarly, in *Wilson v. City of Biloxi, Miss.*, No. 1:11CV126-HSO-JMR, 2012 WL 1188418, at *8 (S.D. Miss. Apr. 6, 2012), this Court dismissed a complaint that failed to state sufficient facts to support a claim under *Monell*:

> Plaintiff has not pled sufficient factual content with respect to his "official policy or custom" or his "ratification" theories in order to state a colorable claim for § 1983 municipal liability. The Court is unable to draw the reasonable inference that the City of Biloxi could be held liable under § 1983 for the misconduct alleged here. *See Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556) ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. **Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice**.")

6. The Complaint in this case contains at best threadbare conclusory statements which do not identify written policies or facts regarding a pattern or practice.

7. The Court should dismiss the official capacity claims and claims against City of Hattiesburg due to the failure to state a claim under *Monell*.

## II. The Complaint fails to plead facts supporting a constitutional violation, and Defendants' actions are entitled to qualified immunity.

8. Defendants have further moved to dismiss because Plaintiff has not pled facts supporting a claim that his constitutional rights were violated or that the Defendants' actions violated a clearly established constitutional right, entangling Defendants to qualified immunity.

9. As set forth in Defendants' brief, Gray was merely briefly detained under *Terry* as a result of the City of Hattiesburg police receiving a call for assistance relating to a disturbance at a restaurant. A *Terry* stop is constitutionally permissible, and Plaintiff has failed to articulate how Defendants' actions violated clearly established rights.

10. In response to the subject motion, Plaintiff reasserts his rights to first amendment activity.

11.     It is undisputed that Plaintiff was partially non-compliant with the officers' questions when they arrived and that Gray refused to answer questions or fully identify himself.

12.     Defendants have cited to *Bergquist v. Milazzo*, No. 18-CV-3619, 2021 WL 4439422, at *6–10 (N.D. Ill. Sept. 28, 2021) for its holding that the relevant right is not whether a person has the right to hold a sign on the sidewalk, but rather if he had the right to be free from an investigatory detention.  Plaintiff has not distinguished this case or identified any clearly established right to be free of an investigatory detention under similar circumstances where officers are investigating potential crimes of trespassing, disturbance of the peace, or disorderly conduct.

13.     The facts pled in this case demonstrate that the officers responded to a disturbance call and investigated it.  During this process, based on the Complaint, the officers had reasonable suspicion that a crime may have occurred.  Even if the Defendants were mistaken, although they were not, officers who reasonably but mistakenly conclude reasonable suspicion exists for an investigatory detention have qualified immunity.  *Harris v. Dobbins*, Civ. Action No. 3:22-CV-479-TSL-MTP, 2023 WL 2899994, at *6 (S.D. Miss. Apr. 11, 2023).  Plaintiff has not identified any analogous authority whereby officers were found to not have had reasonable suspicion for an investigatory detention under similar circumstances.

14.     Defendants further sought dismissal of Plaintiff's request for injunctive relief because Plaintiff lacks standing due to his failure to plead facts showing his alleged injury is capable of repetition.  Plaintiff fails to address this argument, so those claims are waived and should be dismissed. *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006)(on motion to dismiss, a plaintiff's failure to defend her claims beyond her complaint constituted abandonment of those claims); *City of Canton v. Nissan N. Am., Inc.*, 870 F. Supp. 2d 430, 437 (S.D. Miss.

2012)(court held that all claims pled by the plaintiff in its amended complaint but not addressed in its responses to the dispositive motions were waived).

WHEREFORE, Plaintiff's Complaint should be dismissed with prejudice.

RESPECTFULLY SUBMITTED, this the 29th day of October, 2024.

/s/ Lane Dossett
R. LANE DOSSETT (MSB NO. 102927)
*Attorney for Defendants, City of Hattiesburg, Marvin Ross Jr., and Harry Crockett*

HICKS LAW FIRM, PLLC
211 South 29th Avenue, Suite 201 (39401)
Post Office Box 18350
Hattiesburg, MS  39404-8350
Telephone:     601.544.6770
Facsimile:      601.544.6775
Email: Lane@hicksattorneys.com

## CERTIFICATE OF SERVICE

I, undersigned counsel, do hereby certify that I have this date forwarded a true and correct copy of the above foregoing **DEFENDANTS' REBUTTAL IN SUPPORT OF MOTION TO DISMISS** via United States Mail, first class, postage prepaid, facsimile and/or electronic mail under F.R.C.P. 5(b) to:

M. Reed Martz
Freeland Martz, PLLC
302 Enterprise Drive, Suite A
Oxford, MS 38655

This the 29th day of October, 2024.

/s/ Lane Dossett
R. LANE DOSSETT (MSB NO. 102927)
*Attorney for Defendants, City of Hattiesburg, Marvin Ross Jr., and Harry Crockett*